JOHN R. HABASHY, ESQ. (SBN 236708)
(john@lexiconlaw.com)
TIFFANY N. BUDA, ESQ. (SBN 232679)
(tiffany@lexiconlaw.com)
**LEXICON LAW, PC**
633 W. Fifth St., 28th Floor
Los Angeles, CA 90071
Telephone: (213)233-5900
Facsimile: (888) 373-2107

RYAN M. KELLY, ESQ. (IL SBN 2567931)
(rkelly@andersonwanca.com)
(Pro Hac Vice to be submitted)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

Counsel for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX, INC. and GOODRX HOLDINGS, INC., Delaware corporations,<br><br>Defendants. | **CASE NO.:** 2:20-cv-07145<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), AS AMENDED BY THE JUNK FAX PREVENTION ACT OF 2005, 47 U.S.C. § 227 ("JFPA")**<br><br>**<u>CLASS ACTION</u>** |

Plaintiff, George Pappas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against Defendants, GoodRx, Inc. and GoodRx Holdings, Inc. ("Defendants"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants' principal places of business are located in this district.

## II. INTRODUCTION

3. This case challenges Defendants' practice of sending unsolicited automated text messages to the cellular telephones of Plaintiff and Class members in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA"), and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

4. Defendants sent at least one (1) unauthorized text message to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS" or "auto-dialers") for the purpose of soliciting business from Plaintiff.

5. The TCPA regulates, among other things, the use of ATDS. Specifically, the TCPA prohibits the use of auto dialers to make any call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

6. The TCPA defines ATDS as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C§ 227 (a)(1).

7. The FCC is empowered to issue rules and regulations implementing the TCPA. The FCC has clarified that text messages qualify as "calls" under the TCPA, affirming that:

> under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to paging service, cellular service, or any service for which the party is charged." **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) ("*2003*

*Order"*) (emphasis added); *see Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3rd Cir. 2013).

8. The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an automatic telephone dialing system that includes or introduces an advertisement or constitutes telemarketing must have prior express <u>written</u> consent as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2). (emphasis added). The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

9. The FCC has found that automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they can pay in advance or after the minutes are used. *2003 Order*, 18 FCC Rcd. 14014, 14115.

10. Plaintiff, on behalf of himself and all others similarly situated, brings this case as a class action asserting claims against Defendants under the TCPA.

11. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the unsolicited automated text messages at issue were and are being sent in

the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

12. This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendants from sending unsolicited automated text messages without prior express consent; (b) injunctive relief enjoining Defendants from sending unsolicited automated text messages that includes or introduces an advertisement or constitutes telemarketing without prior express written consent; and (c) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and, in the event of finding a willful or knowing violation, to have such damages trebled, as provided by § 227(b)(3) of the Act.

### III. PARTIES

13. Plaintiff, George Pappas, is a citizen of Illinois.

14. Defendants, GoodRx, Inc. and GoodRx Holdings, Inc., are Delaware corporations with their principal places of business in Santa Monica, CA. Defendants provide a price comparison platform for prescription drugs. Defendants gather prices and discounts for prescription drugs. They do not sell the drugs, but direct consumers to drugstores and pharmacies with the best deal and offer coupons.

15. Whenever in this Complaint it is alleged that Defendants committed any act or omission it is meant that Defendants' officers, directors, employees, and/or agents committed such act or omission and that at the time such act or

omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, employees, and agents.

## VI. FACTS

16. On or about July 23, 2020, Defendants sent Plaintiff a text message (the "Text") to his cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l), without first obtaining Plaintiff's written consent. A true and correct copy of the screenshot of the Text is attached hereto as Exhibit A.

17. The Text message states:

"…GoodRx: Don't miss out. Save on your refill today at Jewel-Osco…Questions? <u>1-855-426-4465</u> Check the latest price: http://bit.ly/2pWzPBs..."

18. Plaintiff is the exclusive user of the cellular telephone that received the Text. Plaintiff's number is on the National No Not Call registry and the phone is for personal use.

19. Defendants' Text to Plaintiff constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A)(i).

20. Plaintiff never requested, desired, permitted, or otherwise provided his prior express consent to Defendants to send or transmit the Text or any other texts to his cellular telephone.

21. Plaintiff never provided his prior express written consent to Defendants to send or transmit the Text or any other advertisement or telemarketing to his cellular telephone.

22. The sending number utilized by Defendants to send the text, 466-379, is a SMS short code, does not receive return phone calls, on information and belief, is used solely to send text messages *en masse,* and is owned by Defendants.

23. The Text itself is merely a generic message offering savings on prescription refills using Defendants' Member ID card. On information and belief, no human directed the text message to Plaintiff's telephone number; rather, Plaintiff's number was called using a random or sequential number generator.

24. Based on the foregoing, Defendants' text message was sent utilizing an ATDS.

25. As a result of receiving the Text, Plaintiff incurred expenses to his wireless service, wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon seclusion and invasion of privacy.

26. On information and belief, Defendants sent the Text, or other text messages, *en masse* to thousands of randomly generated cellular telephone numbers using an automatic telephone dialing system.

27. On information and belief, Defendants sent the text message to Plaintiff and the Class members using equipment that had the capacity to store or

produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

28. On information and belief, the Class members did not provide Defendants with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

## V. CLASS ACTION ALLEGATIONS

29. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received a text message to their cellular telephones from Defendants through the use of an automatic dialing system and who did not provide prior express consent and/or prior express written consent to receive such text messages.

Excluded from the Class are Defendants and their officers, directors, shareholders, employees, and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

30. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons

and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendants' use of automated and impersonal text message content sent via a telephone number with an automated message center.

31. <u>Commonality (Fed. R. Civ. P. 23 (a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a. Whether Defendants sent non-emergency text messages to Plaintiff and the Class members' cellular telephones using an automatic telephone dialing system;

b. Whether Defendants had prior express written consent to send their automated text messages;

c. Whether Defendants' conduct was knowing and/or willful;

d. Whether Defendants are liable for damages, and the amount of such damages; and

e. Whether Defendants should be enjoined from such conduct in the future.

32. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or similar unsolicited text message as the other Class members sent by or on behalf of Defendants

advertising the availability or quality of goods and services of the Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or other text messages.

33. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

34. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   a. Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

   b. Evidence regarding defenses or any exceptions to liability that Defendants may assert and attempt to prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

    c. Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar matter with respect to all Class members;

    d. The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e. This case is inherently manageable as a class action in that:

        i. Defendants identified persons or entities to receive the unauthorized text messages and Defendants' computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

        ii. Liability and damages can be established for Plaintiff and the class with the same common proofs:

        iii. Statutory damages are provided for in the statute and are the same for Plaintiff and all Class members and can be calculated in the same or a similar matter;

        iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

  v. A class action will contribute to uniformity of decisions concerning Defendants' practices; and

  vi. As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

35. <u>The nature of notice to the proposed class required and/or contemplated (L.R. 23-2-2(g):</u> Plaintiff contemplates that any notice to the proposed class shall include the class definition as certified by the Court and specific directions on how a class member can opt out of the class if it/he so desires. If a class-wide settlement is reached, the notice shall include specific directions on how a class member will receive its/his share of the settlement and detailed instructions if it/he wishes to object to any part of the settlement.

## VI. COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(3)

36. Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

37. The Text Defendants sent Plaintiff and the Class members is an advertisement as defined by 47 C.F.R. § 64.1200(f)(1) because it promotes Defendants' property, goods, or services.

38. Defendants and/or their agent sent the Text, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the other

Class members *en masse* without their prior express consent and prior express written consent.

39. Defendants sent the Text, or had it sent on their behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

40. Defendant utilized equipment that sent the text messages, including the Text, to Plaintiff and other Class members simultaneously and without human intervention.

41. By sending the unsolicited text messages to Plaintiff and the Class, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls by Defendants.

### VII.   COUNT II

**Willful and/or Knowing Violation of the TCPA, 47 U.S.C. § 227(b)(3)**

43. Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

44. The Text Defendants sent Plaintiff and the Class is an advertisement as

defined by 47 C.F.R. § 64.1200(f)(1) because it promotes Defendants' property, goods, or services.

45. Defendants and/or their agent sent the Text, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the Class members *en masse* without their prior express consent and prior express written consent.

46. Defendants sent the Text, or had it sent on their behalf, knowingly using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

47. Defendants knowingly utilized equipment that sent the text messages, including the Text, to Plaintiff and other Class members simultaneously and without human intervention.

48. Defendants knew that they did not have prior express consent or prior express written consent to send the Text to Plaintiff and the Class.

49. On information and belief, Defendants knew, or willfully ignored the fact, that their conduct as alleged herein violated the TCPA.

50. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and entitled to statutory relief.

51. As a result of Defendants knowing that Plaintiff and the Class had not

given prior express consent to receive the text messages, the Court should treble the amount of statutory damages available to Plaintiff and the Class.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff, George Pappas, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, GoodRx, Inc. and GoodRx Holdings, Inc., jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and award treble damages if the violations were done willfully and/or knowingly;

C. That the Court award costs and prejudgment interest from the date the Text was sent to the date the Court enters judgment;

D. That the Court enjoin Defendants from additional violations; and

E. That the Court provide such further relief as the Court may deem just and proper.

DATED: August 7, 2020

**LEXICON LAW, PC**

By: */s/* Tiffany N. Buda
JOHN R. HABASHY, ESQ.
TIFFANY N. BUDA, ESQ.

**ANDERSON + WANCA**
RYAN M. KELLY *(pro hac vice to be submitted)*

Attorneys for Plaintiff GEORGA PAPPAS and the Proposed Class